UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ABRAHAM MARTINEZ

VERSUS

DAVID MASSEY, ET AL.

CIVIL ACTION NO.

11-648-SDD-SCR

RULING

This matter is before the Court on Plaintiff's *Motion in Limine addressing All Objections During Deposition of Dr. William Donovan*[1] and Defendants' *Motion in Limine addressing All Objections During Deposition of Dr. William Donovan.*[2] The Court rules as follows:

In August of 2013, Dr. Donovan referred Plaintiff to Dr. Rodriguez. Dr. Donovan never treated Plaintiff again after this date. Thus, the Court rules that Dr. Donovan is precluded from giving opinion testimony about another physician's care and treatment that occurred beyond Dr. Donovan's treatment of Plaintiff. Many courts have held that, "a treating physician may testify as a non-retained expert witness - and therefore need not provide an expert report - if the testimony is confined to 'facts disclosed during care and treatment of the patient.'"[3] However, "when a physician's proposed opinion testimony

---

[1] Rec. Doc. No. 72.

[2] Rec. Doc. No. 87.

[3] *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008)(citations omitted).

extends beyond that care or treatment, and the physician's specific opinion is developed in anticipation of trial, the treating physician becomes an expert from whom an expert report is required."[4] Any opinions by Dr. Donovan beyond the point that he was Plaintiff's treating physician would require an expert report as set forth by Rule 26 of the Federal Rules of Civil Procedure. As no such report was prepared, Dr. Donovan may not give opinions relating to Dr. Rodriguez's treatment of Plaintiff. For the same reasons, Dr. Donovan is likewise precluded from offering opinion testimony regarding the bills and expenses by another physician.

To the extent that Dr. Donovan testified as to Plaintiff's anxiety and/or depression, this testimony is excluded as beyond the scope of Dr. Donovan's expertise as an orthopedic surgeon.

Plaintiff's objections to the Defendants' questions on cross-examination are overruled. The Court finds that the Defendants engaged in proper cross-examination of an expert witness where causation of damages is a significant issue at trial. Specifically, it is not improper for Defendants on cross-examination to inquire about other possibilities of causation as to Plaintiff's damages and/or intervening causes. Plaintiff has the opportunity on re-direct to address those concerns.

Therefore:

Plaintiff's *Motion in Limine addressing All Objections During Deposition of Dr. William Donovan*[5] is DENIED and Defendants' *Motion in Limine addressing All Objections*

---

[4] *Lowery v. Spa Crafters, Inc.*, 2004 WL 1824380, at *2 (W.D.Tex. August 16, 2004); *see also Schilling v. DOTD*, 2014 WL 3854619 (M.D. La. Aug. 4, 2014).

[5] Rec. Doc. No. 72.

*During Deposition of Dr. William Donovan*[6] is GRANTED as set forth above. The Parties are hereby ordered to redact the deposition of Dr. William Donovan in accordance with this *Ruling* and the Court's *Uniform Pre-Trial Notice*.

IT IS SO ORDERED.

Baton Rouge, Louisiana, this 16 day of January, 2015.

*[signature]*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[6] Rec. Doc. No. 87.