UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ABRAHAM MARTINEZ | CIVIL ACTION NO. |
| VERSUS | 11-CV-648-SDD-SCR |
| DAVID MASSEY, ET AL. | |

**RULING**

This matter is before the Court on the *Motion for New Trial*[1] by Plaintiff, Abraham Martinez ("Plaintiff"). Defendants David Massey, Ergon Trucking, Inc., and XL Specialty Insurance ("Defendants") filed an *Opposition*[2] to this motion. For the following reasons, the Court finds that Plaintiff's motion should be denied.

**I.    FACTUAL BACKGROUND**

This case involved a rear-end collision involving two eighteen wheelers on March 2, 2011. The Defendants stipulated liability for the accident, and this case went to trial on the issues of causation and the extent of Plaintiff's damages. On January 28, 2015, a jury reached a verdict in favor of Plaintiff in the total amount of $442,500.00.[3] The Plaintiff moves for new trial on his contention that the award of general damages of $100,000.00 and $95,000.00 in medical expenses is inadequate as a matter of law.

---
[1] Rec. Doc. No. 189.
[2] Rec. Doc. No. 191.
[3] *See* Rec. Doc. Nos. 180 & 182.

## II. LAW AND ANLYSIS

### A. Motion for New Trial[4]

Jurisdiction in this case is based on diversity of citizenship between the parties. The standard for reviewing the sufficiency of the evidence on a Rule 59 motion is governed by Louisiana law. The Supreme Court in *Gasperini v. Center for Humanities*[5] held that, in an action based on state law but tried in federal court by reason of diversity of citizenship, a district court must apply a new trial or remittitur standard according to the state's law controlling jury awards for excessiveness or inadequacy.[6] District courts in this circuit have applied Louisiana law to a defendant's "challenge to the adequacy of the evidence in its Rule 59 motion."[7]

The Louisiana Supreme Court has cautioned that the trial court's discretion in granting new trials is limited:

> The fact that a determination on a motion for new trial involves judicial discretion does not imply that the trial court can freely interfere with any verdict with which it disagrees. The discretionary power to grant a new trial

---

[4] If applying federal law after a jury trial, Rule 59(a) of the Federal Rules of Civil Procedure permits the Court to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed.R.Civ.P. 59(a). It is within the "sound discretion of the trial court" to determine whether to grant or deny a motion for new trial. *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998). Although the rule does not specify the exact grounds for granting a new trial, Rule 59(a) allows a court to grant a new trial if it "finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *See Smith v. Transworld Co.*, 773 F.2d 610, 613 (5th Cir.1985) (citing *Reed Bros., Inc. v. Monsato Co.*, 525 F.2d 486, 499–50 (8th Cir.1975)).
> Ultimately, the court must view the evidence in "a light most favorable to the jury's verdict, and the verdict must be affirmed unless the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable persons could not arrive at a contrary conclusion." *Dawson v. Wal–Mart Stores*, 978 F.2d 205, 208 (5th Cir. 1992) (citing *Jones v. Wal–Mart Stores, Inc.*, 870 F.2d 982, 987 (5th Cir.1989)).

As set forth in this Ruling, the Court has determined that under Louisiana law a new trial should not be granted. For those same reasons, the Court reaches the same result if applying the federal standard.

[5] 518 U.S. 415, 419 (1996).

[6] *See Fair v. Allen*, 669 F.3d 601, 604 (5th Cir. 2012) (applying *Gasperini* and recognizing its effect on prior decisions).

[7] *See Body By Cook v. Ingersoll–Rand Co.*, No. 13–175, 2014 WL 4064022, at *12 (E.D.La. Aug. 15, 2014).

must be exercised with considerable caution. Fact finding is the province of the jury, and the trial court must not overstep its duty in overseeing the administration of justice and unnecessarily usurp the jury's responsibility. A motion for new trial solely on the basis of being contrary to the evidence is directed squarely at the accuracy of the jury's factual determinations and must be viewed in that light. Thus, the jury's verdict should not be set aside if it is supportable by any fair interpretation of the evidence.[8]

The Fifth Circuit has explained that, "[d]espite permitting a trial court to review the jury's credibility determinations, Louisiana gives the jury high deference ... [and] provides a new trial '[w]hen the verdict or judgment appears clearly contrary to the law and the evidence' ... When granting a new trial, the court can evaluate the evidence, draw its own inferences and conclusions, and determine whether the jury 'erred in giving too much credence to an unreliable witness.' Yet, Louisiana courts still accord jury verdicts great deference."[9]

### B. Application

Plaintiff's arguments in support of a new trial fail for several reasons. First, Plaintiff's recitation of past medical expenses does not add up to the totals argued in the motion for new trial.[10] Notwithstanding this discrepancy in total past medicals claimed by Plaintiff, the Defendants contend that the amount awarded ($95,000.00) represents roughly the same amount of past medical expenses claimed for all treatment except the fusion surgery performed three years after the accident, which totaled approximately $92,395.00. The Court agrees. The Plaintiff had the burden at trial to prove that the fusion surgery was caused by the accident; thus, the jury's award excluding the amount

---

[8] *Davis v. Wal–Mart Stores, Inc.*, 774 So.2d 84, 93 (La. 2000) (emphasis and citations omitted).
[9] *Fair v. Allen,* 669 F.3d at 605 (internal citation omitted).
[10] Plaintiff restates and itemizes his medical bills; however, the totals do not add up. The stated total is $268,962.33, but the sum of the items listed is $268,948.83. This total includes the amount of $127,840.33 that was written off by First Street Hospital. Notably, the Court instructed the jury that it had the discretion to exclude this amount from their verdict.

3

for this surgery indicates that Plaintiff failed to carry his burden.  It was the jury's role to make credibility determinations in this case.  Based on the medical evidence and testimony presented, and Plaintiff's somewhat inconsistent testimony, the jury obviously made this determination as it saw fit.  The jury's award is reasonable and supported by the evidence submitted at trial.

Moreover, under Louisiana law, the jury is free to award less medical expenses than requested if the jury finds the treatment was not related to the accident. Defendants appropriately rely on *LeFeaux v. Craven*,[11] a case involving a rear-end accident in which liability was stipulated but causation and damages were disputed. Following a jury trial, the plaintiff was awarded $560,000.00 for general and special damages.  The plaintiff had a significant history of neck and back pain prior to the accident.  Following the accident, "plaintiff's treatment included a hemilaminectomy; a three-level spinal fusion in September of 2011 (extending his prior fusion from L5 to S1); surgery to implant a spinal stimulator; arthroscopic surgery on his left shoulder; and psychiatric treatment for pain disorder, depression, and post-traumatic stress."[12]  On appeal, the plaintiff argued that the jury erred in awarding him only $300,000.00 in past medical expenses when he presented evidence showing $375,866.30 in past medicals. The plaintiff also argued that the award of $125,000.00 for future medical expenses was erroneous in light of the testimony of plaintiff's economist that his future medical expenses would be $364,262.00.[13]

The *LeFeaux* plaintiff made similar arguments to those presented here by Plaintiff Martinez, and they were squarely rejected by the Louisiana appellate court.

---

[11] No. 2013 CA01970, 2014 WL 1778348 (La. App. 1 Cir. May 2, 2014).
[12] *Id.* at *1.
[13] *Id.* at *2.

The court discussed the competing evidence and testimony presented at trial and reasoned that:

> [T]he jury apparently concluded that despite plaintiff's claims, the entirety of his treatment was not necessitated by the subject accident. Accordingly, the jury did not award the full amount of medical expenses requested by plaintiff. Given the conflicting testimony on medical causation and the medical records reflecting plaintiff's condition and complaints prior to the subject accident, we find that there is a reasonable basis for the jury's conclusion that not all of the treatment and attendant expenses sought herein by plaintiff were attributable to this accident, which conclusion is supported by the record. Accordingly, we are unable to say that the jury abused its discretion in its past and future medical expenses award.[14]

In this case, there was ample evidence from which the jury could have determined that not all of Plaintiff's subsequent treatment was related to the accident. Dr. Rodriguez, Dr. Donovan, and Dr. Kant all provided testimony that other possible potential causes besides the 2011 collision could have resulted in the recurrent disc herniation which precipitated Plaintiff's 2014 fusion procedure. While the doctors conceded that they ruled out these potential causes because Plaintiff never identified any, the doctors did testify that any evidence of potential causes was based solely on Plaintiff being a reliable historian. It is not unreasonable that, after evaluatiing all of the testimony and evidence presented, the jury concluded that Plaintiff was perhaps not a completely reliable historian.

Plaintiff's citation to quantum in other cases is also irrelevant. Louisiana law dictates that, "[o]nly after finding that the award constitutes an abuse of discretion is a resort to prior awards appropriate and then only for the purpose of determining the

---

[14] *Id.* at *3.

5

highest or lowest point which is reasonably within that discretion."[15]  In the instant case, the jury heard three days of testimony and was able to review extensive evidence introduced into the record.  Based on the testimony and evidence presented at trial, the Court cannot conclude that the jury abused its discretion in its general damage award; thus, the Court need not look to prior awards.

## III.   CONCLUSION

For the reasons set forth above, the *Motion for New Trial*[16] by Plaintiff, Abraham Martinez is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on April 20, 2015.

*[signature]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[15] *Savage v.Guidry*, 2014 WL 1165863 (La. App. 1 Cir. Mar. 21, 2014)( citing *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1260 (La. 1993) (citing *Coco v. Winston Industries, Inc.*, 341 So.2d 332 (La.1976)).
[16] Rec. Doc. No. 189.